# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER MADAIO,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CV-06-BE-0904-S** |
| | ] | |
| **TYLER RODEN, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |
| | ] | |

## MEMORANDUM OPINION

### INTRODUCTION

This case is before the court on Cullman County's Motion to Dismiss (doc. 2).  After reviewing the record, the court finds that the Motion is due to be **GRANTED**.

### BACKGROUND

**I.  Allegations.**

As appropriate for a Motion to Dismiss, the following allegations are taken as true and construed in the light most favorable to the Plaintiff:

Plaintiff Christopher Madaio is a male adult resident of Limestone, Alabama.  He is currently in the custody of the Cullman County Sheriff's Department.  Defendant Cullman County is a government entity formed under the laws of the State of Alabama.

On March 4, 2004, Plaintiff submitted his computer ("Computer A") to Staples in Athens, Alabama for repair.  The technician who initiated the repair on Computer A discovered thirty photos of "partially nude children" and contacted the Federal Bureau of Investigation.  Approximately twenty of these photos were published in a book Plaintiff authored in 1996 through Ophelia Editions.  The FBI examined the computer, but none of the photographs on

Computer A were deemed illegal.

On October 21, 2004, FBI special agents arrived at Plaintiffs home in Athens, Alabama. They did not have a warrant, but Plaintiff let them enter his residence.  The agents told Plaintiff that he was suspected of possessing child pornography, and asked for consent to take two computers located in Plaintiff's home (hereinafter "Computer B" and "Computer C").  The Complaint is silent as to whether Plaintiff allowed the agents to take the computers.

On December 29, 2005, Plaintiff was notified of a grand jury indictment against him.  He was arraigned on January 12, 2006.  He posted bond and hired counsel to represent him.

On January 18, 2006 and February 15, 2006, Plaintiff's probation officer, John Hahn, conducted two unannounced visits to Plaintiff's home.  He inspected Plaintiff's computer, the premises, and asked various questions.  He noted that Plaintiff had purchased another computer ("Computer D") and contacted the U.S. Marshals.  The Marshals arrested Plaintiff and confiscated Computer D.

In February, 2006,[1] Plaintiff was transported to the Huntsville/Cullman City Jail, where he alleges that he has difficulty contacting his attorney.  Specifically, he claims that the jail's telephone system impedes his access to counsel.  On February 28, 2006, Plaintiff's bond was revoked.  Thereafter, this lawsuit was filed.

**II. Procedural history.**

On May 12, 2006, Plaintiff filed this lawsuit against Cullman County Sheriff Tyler Roden, Cullman County, and the FBI.  The Complaint contains four counts and alleges federal claims.  Count I alleges First and Fourth Amendment violations pursuant to 42 U.S.C. § 1983.

---

[1] The Complaint says the actual date was February 2005, but the court assumes that this is a typographical error.  *See* Compl., ¶ 23.

Count II alleges First and Fourth Amendment violations pursuant to § 1983.  Count III alleges a

violation of the Privacy Protection Act of 1980.[2]  Count IV alleges Sixth and Fourteenth

Amendment violations pursuant to § 1983.

On May 30, 2006, Cullman County filed a Motion to Dismiss (doc. 2) and a Brief in

Support thereof (doc. 3).  On June 1, 2006, the court entered briefing schedule on this Motion.

*See* doc. 7.  The briefing schedule allowed Plaintiff to respond to Cullman County's Motion by

June 22, 2006.  As of the date of this Memorandum Opinion, Plaintiff has not filed a response.

## STANDARD OF REVIEW

"The threshold of sufficiency that a complaint must meet to survive a motion to dismiss

for failure to state a claim is...exceedingly low."  *Ancata v. Prison Health Serv's., Inc.*, 769 F.2d

700, 703 (11th Cir. 1985) (internal quotations omitted).  In reviewing a motion to dismiss for

failure to state a claim upon which relief can be granted, the court must construe all factual

allegations as true and resolve them in the light most favorable to the plaintiff.  *Beck v. Deloitte*

*& Touche*, 144 F.3d 732, 735 (11th Cir. 1998).  The court may grant the motion only if the court

clearly and beyond doubt cannot award the plaintiff relief under any set of facts that could be

proved consistent with the allegations of the complaint.  *See Id*. at 735.  "In seeking dismissal for

failure to state a viable claim, a defendant thus bears the very high burden of showing that the

plaintiff cannot conceivably prove any set of facts that would entitle him to relief."  *Id*. at 735-36.

## DISCUSSION

The Complaint does not aver that the representative body of Cullman County actually

---

[2]Because Count III sets forth allegations related specifically to the FBI's conduct, the
court finds that the Complaint does not allege a Privacy Protection Act claim against Cullman
County.  *See* Compl., ¶¶ 45-62.  Accordingly, the only counts pertaining to Cullman County are
Counts I, II, and IV.

participated in the alleged constitutional violations.  Rather, the claims against Cullman County

arise out of the conduct of persons Plaintiff claims are employed by Cullman County.  However,

liability under § 1983 cannot be based on the theory of *respondeat superior.  See Monell v. New

York City Dep't of Social Svcs.*, 436 U.S. 658, 691 (1978) ("a municipality cannot be held liable

under § 1983 on a *respondeat superior* theory").  Moreover, Sheriff Roden and his deputy

sheriffs are employees of the state, not the county, and the Cullman County Commission has no

duty or authority to train or supervise employees of the Cullman County Sheriff's Office.  *See

McMillian v. Monroe County, Ala.*, 520 U.S. 781, 793 (1997) ("Alabama sheriffs, when

executing their law enforcement duties, represent the State of Alabama, not their counties");

*Parker v. Amerson*, 519 So. 2d 442, 442 (Ala. 1987) ("[a] sheriff is not an employee of a county

for purposes of imposing liability on the county under a theory of respondeat superior.")

Further, "to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his

constitutional rights were violated; (2) that the municipality had a custom or policy that

constituted deliberate indifference to that constitutional right; and (3) that the policy or custom

caused the violation."  *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).  Plaintiff in

this case has not alleged any practice or policy established by Cullman County that would cause

it to liable for the actions of any person referred to in the Complaint.[3]  Additionally, any custom

or policy of the Sheriff of his deputies cannot be attributed to the County because the Sheriff is

not the policy maker for the County.  *See McMillian*, 520 U.S. at 783 (holding that an Alabama

Sheriff "represents the State of Alabama and is therefore not a policymaker.")  Finally, Plaintiff

does not allege that any unconstitutional policy or custom was the moving force behind the

---

[3]The Complaint states that Plaintiff "challenges the legality of the policy and practice of
Defendants...."  Compl., ¶ 5.  This statement is not enough to satisfy the three part test articulated
in *McDowell v. Brown*, 392 F.3d 1283 (11th Cir. 2004).

violations at issue.  *See McElligott v. Foley*, 182 F.3d 1248, 1259 (11th Cir. 1999) (affirming summary judgment in favor of county on the basis that the plaintiff did not show "that a county policy or custom was the 'moving force' that caused the alleged constitutional violations.")

**CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint fails to state a claim against Defendant Cullman County for which relief can be granted.  Accordingly, the court **ORDERS** that Cullman County's Motion to Dismiss (doc. 2) be **GRANTED** and that Cullman County be **DISMISSED with prejudice** as a party to this case.

DONE and ORDERED this 7th day of July, 2006.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE