IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER MADAIO,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **CV-06-BE-0904-S** |
| ] | |
| **TYLER RODEN, et al.,** ] | |
| ] | |
| **Defendants.** ] | |
| ] | |

## MEMORANDUM OPINION

### INTRODUCTION

This case is before the court on Defendant Tyler Roden's Motion to Dismiss (doc. 4). For the reasons set forth below, the court finds that the Motion is due to be **GRANTED**.

### BACKGROUND

**I. Allegations.**

As appropriate for a Motion to Dismiss, the following allegations are taken as true and construed in the light most favorable to the Plaintiff:

Plaintiff Christopher Madaio is a male adult resident of Limestone, Alabama. He is currently in the custody of the Cullman County Sheriff's Department. Defendant Tyler Roden is the Sheriff of Cullman County.

On March 4, 2004, Plaintiff submitted his computer ("Computer A") to Staples in Athens, Alabama for repair. The technician who initiated the repair on Computer A discovered thirty photos of "partially nude children" and contacted the Federal Bureau of Investigation. Approximately twenty of these photos were published in a book Plaintiff authored in 1996 through Ophelia Editions. The FBI examined the computer, but none of the photographs on

Computer A were deemed illegal.

On October 21, 2004, FBI special agents arrived at Plaintiffs home in Athens, Alabama. They did not have a warrant, but Plaintiff let them enter his residence. The agents told Plaintiff that he was suspected of possessing child pornography, and asked for consent to take two computers located in Plaintiff's home (hereinafter "Computer B" and "Computer C"). The Complaint is silent as to whether Plaintiff allowed the agents to take the computers.

On December 29, 2005, Plaintiff was notified of a grand jury indictment against him. He was arraigned on January 12, 2006. He posted bond and hired counsel to represent him.

On January 18, 2006 and February 15, 2006, Plaintiff's probation officer, John Hahn, conducted two unannounced visits to Plaintiff's home. He inspected Plaintiff's computer, the premises, and asked various questions. He noted that Plaintiff had purchased another computer ("Computer D") and contacted the U.S. Marshals. The Marshals arrested Plaintiff and confiscated Computer D.

In February, 2006,[1] Plaintiff was transported to the Huntsville/Cullman City Jail, where he alleges that he has difficulty contacting his attorney. Specifically, he claims that the jail's telephone system impedes his access to counsel. On February 28, 2006, Plaintiff's bond was revoked. Thereafter, Plaintiff filed this lawsuit.

**II. Procedural history.**

On May 12, 2006, Plaintiff filed this lawsuit against Cullman County Sheriff Tyler Roden, Cullman County,[2] and the FBI. The Complaint contains four counts and alleges federal

---

[1]The Complaint says the actual date was February 2005, but the court assumes that this date is a typographical error. *See* Compl., ¶ 23.

[2]Cullman County was dismissed from this lawsuit on July 7, 2006. *See* doc. 10.

claims. Count I alleges First and Fourth Amendment violations pursuant to 42 U.S.C. § 1983. Count II alleges First and Fourth Amendment violations pursuant to § 1983. Count III alleges a violation of the Privacy Protection Act of 1980.[3] Count IV alleges Sixth and Fourteenth Amendment violations pursuant to § 1983.

On May 30, 2006, Roden filed a Motion to Dismiss (doc. 4) and a Brief in Support thereof (doc. 5). On June 1, 2006, the court entered a briefing schedule on this Motion. *See* doc. 8. The briefing schedule allowed Plaintiff to respond to Cullman County's Motion by June 22, 2006. As of the date of this Memorandum Opinion, Plaintiff has not filed a response.

## STANDARD OF REVIEW

"The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is...exceedingly low." *Ancata v. Prison Health Serv's., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (internal quotations omitted). In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the court must construe all factual allegations as true and resolve them in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998). The court may grant the motion only if the court clearly and beyond doubt cannot award the plaintiff relief under any set of facts that could be proved consistent with the allegations of the complaint. *See Id*. at 735. "In seeking dismissal for failure to state a viable claim, a defendant thus bears the very high burden of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Id*. at 735-36.

## DISCUSSION

The Complaint alleges claims under the First, Fourth, Sixth, and Fourteenth Amendments

---

[3]Because Count III sets forth allegations related specifically to the FBI's conduct, the court finds that the Complaint does not allege a Privacy Protection Act claim against Roden. *See* Compl., ¶¶ 45-62. Accordingly, the only counts pertaining to Roden are Counts I, II, and IV.

to the United States Constitution. These claims are brought pursuant to 42 U.S.C. § 1983, and are asserted against Roden in his official and individual capacity. In his Motion to Dismiss, Roden offers, among other things, the defenses of Eleventh Amendment immunity and qualified immunity.[4] As stated, Plaintiff did not respond to Roden's Motion.

### I. Official capacity claims.

The claims against Roden, in his official capacity, are due to be dismissed because such claims are barred by the Eleventh Amendment to the United States Constitution. The Eleventh Circuit has established that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity from § 1983 claims. *See Free v. Granger*, 887 F.2d 1552, 1557 (11th Cir. 1989). Moreover, Roden is not a "person" within the meaning of § 1983; accordingly, the Complaint fails to state a § 1983 claim against him in his official capacity upon which relief can be granted. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983.") Because the official capacity claims against Sheriff Roden are brought pursuant to § 1983, and because his status as a sheriff affords him Eleventh Amendment immunity, Roden's Motion as to the official capacity claims is due to be **GRANTED**.

### II. Individual capacity claims.

The claims against Roden in his individual capacity are due to be dismissed for three reasons:

First, a heightened pleading requirement applies when claims are made against

---

[4]Because the court finds that Sheriff Roden's Eleventh Amendment and qualified immunity arguments are dispositive of all claims asserted against him, the court does not consider Roden's other arguments regarding the Sixth Amendment, injunctive relief, and punitive damages.

government officials in their individual capacities.  *See GJR Inv., Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998).  In *GJR Inv., Inc. v. County of Escambia*, the Eleventh Circuit stated that

> [w]hile Fed. R. Civ. P. 8 allows a plaintiff considerable leeway in framing its complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim.  *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992) (citing *Arnold v. Bd. of Educ.*, 880 F.2d 305, 309 (11th Cir. 1989))**.**

*Id*.

Additionally, the Eleventh Circuit has made clear that a heightened pleading standard applies when qualified immunity is raised as a defense:

> [i]n examining the factual allegations in the complaint, we must keep in mind the heightened pleading requirements for civil rights cases, especially those involving the defense of qualified immunity.  *GJR Inv., Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1989).  The complaint must allege the relevant facts "with some specificity." *Id*.  "[M]ore than mere conclusory notice pleading is required....[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984)....Moreover, in reviewing a motion to dismiss, we need only accept "well-pleaded facts" and "reasonable inferences drawn from those facts." *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992).  "Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11thCir. 2001).

*Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003).

In this case, the Complaint sets forth various legal conclusions, but does not offer adequate factual allegations to support these conclusions.  Further, the Complaint does not plead facts that directly bear on the question of qualified immunity.  Moreover, Plaintiff did not offer anything in response to Roden's Motion to Dismiss to address the issue of qualified immunity.

The second reason why the individual claims are due to be dismissed is qualified

immunity. Qualified immunity provides that "[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Under this test, the government official must first show that he was performing a discretionary function. *See Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). Once a discretionary function is established, the plaintiff must satisfy a two step inquiry. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). First, taking the facts most favorable to the plaintiff, do the facts show that the defendant violated a constitutional right? *Id*. If so, is the right clearly established? *Id*.

In this case, Plaintiff did not allege, or argue, that Roden was not performing a discretionary function. Additionally, the Complaint contains no allegations that Roden himself violated Plaintiff's constitutional rights, or that these rights were clearly established. Consequently, Plaintiff did not satisfy the two-part inquiry set forth in *Saucier v. Katz*; thus, Roden is entitled to qualified immunity. *See also GJR Inv., Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998) (determining that a plaintiff may not defeat the defense of qualified immunity by simply pleading a conclusory violation of the law.)

The final reason why Plaintiff's individual capacity claims are insufficient is because Plaintiff failed to allege valid supervisory claims against Sheriff Roden. Supervisory officials are not liable under § 1983 on the basis of *respondeat superior*. *See Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994). The Eleventh Circuit has articulated what is required to make out a § 1983 claim against a supervisor:

> [s]upervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The

6

> causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.

*Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). In this case, the Complaint (1) fails to allege bad conduct on the part of Sheriff Roden; (2) fails to show that Roden personally participated in any violation of Plaintiff's rights; (3) fails to identify any policy promulgated or enforced by Sheriff Roden to allow any violations to occur; and (4) fails to identify a training or supervisory deficiency that allegedly caused a constitutional violation. Accordingly, the federal claims against Sheriff Roden in his individual capacity cannot survive Plaintiff's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint fails to state a claim against Defendant Sheriff Tyler Roden for which relief can be granted. Accordingly, the court finds that Sheriff Roden's Motion to Dismiss (doc. 4) is due to be **GRANTED**. The court will enter a separate Order dismissing Sheriff Roden from this case.

DONE and ORDERED this 12th day of July, 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE