IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER MADAIO,** | ] |
| **Plaintiff,** | ] |
| v. | ] CV-06-BE-0904-S |
| **TYLER RODEN, et al.,** | ] |
| **Defendants.** | ] |

## MEMORANDUM OPINION

This case is before the court on Defendant Federal Bureau of Investigation's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (Doc. 23). For the reasons discussed below, Defendant's motion to dismiss is GRANTED as to Counts I, II, and IV, and DENIED as to Count III. Defendant's motion for summary judgment is also DENIED as to Count III.

**I.      STATEMENT OF FACTS**

Plaintiff Christopher Madaio sued three Defendants[1] for violations of his civil rights and violation of the Privacy Protection Act of 1980. Only the FBI remains as a Defendant, all others having been previously dismissed from this action. The following facts are based primarily on the allegations contained in Plaintiff's complaint, and are limited to facts related to the involvement of the FBI. On March 24, 2004, Plaintiff Christopher Madaio took his laptop computer to a Staples in Athens, Alabama. On May 25, 2004, that computer was sent to the FBI, based on a complaint from a Mr. Winston Freeman who stated that the computer had approximately thirty photos of "partially nude children." None of the photographs on this computer were subsequently deemed illegal. In addition, approximately twenty of the thirty

---

[1] The original Defendants were: Tyler Roden, Cullman County, and the FBI.

photographs had been published in a picture book Mr. Madaio authored, which had been published through Ophelia Editions of New York in 1996.

On October 21, 2004, two FBI Special Agents knocked on Mr. Madaio's door and asked to come in. They did not have a search warrant, but Mr. Madaio let them in. After some discussion, they asked for consent to take two additional computers from Mr. Madaio's home. Mr. Madaio signed a "Consent to Search Computer(s)" form, authorizing the FBI agents to conduct a search of the two computers and "to take any evidence discovered during this search, together with the medium in/on which it is stored . . . ."[2]

In December 2005, Mr. Madaio became aware of a grand jury indictment against him, on which he was arraigned in January 2006. Mr. Madaio instituted the present lawsuit on May 9, 2006. He sues the FBI for various civil rights violations, and for violation of the Privacy Protection Act of 1980.

## II.   MOTION TO DISMISS COUNTS I, II, and IV

"The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . exceedingly low." *Ancata v. Prison Health Serv's., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (internal quotations omitted). In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the court must construe all factual allegations as true and resolve them in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998). The court may grant the motion only if the court clearly and beyond doubt cannot award the plaintiff relief under any set of facts that could be proved consistent with the allegations of the complaint. *See Id*. at 735. "In seeking dismissal for

---

[2] Def.'s Exh. 4, attached to Def.'s Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 23). This fact – that Mr. Madaio signed a consent-to-search form – is the only fact in this court's summary of facts not directly alleged in the complaint.

2

failure to state a viable claim, a defendant thus bears the very high burden of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Id*. at 735-36.

### A. Counts I and II: Civil Rights Violations

In Counts I and II, Plaintiff has sued the FBI under 42 U.S.C. § 1983. The court notes that § 1983 provides a cause of action for civil rights violations against state actors, not against federal agencies. The proper vehicle for asserting civil rights violations against a federal *agent* would be based on the authority in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), which recognized a private right of action against federal individual offers alleged to have violated a citizen's constitutional rights. Plaintiff in this case, however, has not identified any particular agents or officers of the FBI as Defendants. Rather, he has sued the FBI as a whole. The United States Supreme Court has expressly declined to extend the logic in *Bivens* to permit lawsuits against federal agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994).

Even if the Plaintiff had alleged a constitutional claim against the FBI under a different mechanism than § 1983, the FBI – as an arm of the United States government – would nonetheless be entitled to sovereign immunity. The law has long held that, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Id.* The United States has not consented to waive sovereign immunity under the civil rights statutes. *Unimex, Inc. v. U.S. Dep't of Housing and Urban Dev.*, 594 F.2d 1060, 1061 (5th Cir. 1979).[3] Furthermore, the United States has not waived its immunity from suits for money damages arising from constitutional violations. *Dorman v. Simpson*, 893 F. Supp. 1073, 1078 (N.D. Ga. 1995) (citing *United States v. Timmons*, 672 F. 2d 1373, 1380 (11th Cir. 1982)).

---

[3] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (establishing as binding precedent all 5th Circuit decisions handed down before the close of business on September 30, 1981.)

Accordingly, the court finds that no set of facts exists under which Plaintiff could bring its § 1983 claims for constitutional violations against the FBI. Counts I and II are due to be DISMISSED.

### B.  Count IV: Obstruction of Attorney-Client Communications

Defendant also seeks dismissal of Count IV, "Obstructing Attorney-Client Communications" on the basis that it does not allege any facts supporting such a claim against the FBI. The court has reviewed the complaint, and notes that Count IV appears addressed only at conduct of the Sheriff of Cullman County while Mr. Madaio was incarcerated at the Cullman County Jail. Sheriff Roden and Cullman County have already been dismissed from this case. Plaintiff has not stated a claim against the FBI in Count IV, and it is, therefore, due to be DISMISSED.

### III.  MOTION FOR SUMMARY JUDGMENT AS TO COUNT III

As discussed below, an evaluation of Defendant's motion as to Count III of Plaintiff's complaint requires some consideration of the facts outside of the four corners of Plaintiff's complaint. Defendant's motion to dismiss Count III is therefore DENIED.

### A.  Standard of Review

Plaintiff's third cause of action is a claim for violation of the Privacy Protection Act of 1980, based on the FBI's search and seizure of his computer equipment, photographs, and files on October 21, 2004. Because a consideration of this claim requires some analysis of the factual issues outside of the four corners of Plaintiff's complaint, the court will evaluate it using the summary judgment standard.[4]

---

[4] Because Defendant's motion was styled as *both* a motion to dismiss and a motion for summary judgment, the court finds that Plaintiff had adequate notice, as required by Fed. R. Civ. Pro. 12(b), that an evaluation of that motion might require consideration of evidence in addition to Plaintiff's complaint.

Summary judgment allows a trial court to decide cases where no genuine issues of material fact are present. *See* Fed. R. Civ. P. 56. A court must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. *Id*.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The movant can meet this burden by offering evidence showing no dispute of material fact, or by showing that the nonmoving party's evidence fails to meet some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324 (quoting Fed. R. Civ. P. 56(e)). The responding party does not need to present evidence in a form admissible at trial; "however, he may not merely rest on [his] pleadings." *Id*.

In reviewing the evidence submitted, "the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in [its] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "The nonmovant need not be given the benefit of every inference but only of every reasonable inference." *Graham v. State Farm Mutual Ins. Co.*, 193 F. 3d 1274, 1282 (11th Cir. 1999). After both parties have addressed the motion for summary judgment, the court must grant the motion if no genuine issues of material fact exist and the moving party is entitled

to judgment as a matter of law. Fed. R. Civ. P. 56. However, the nonmovant can defeat summary judgment by showing either a genuine issue of material fact or that the movant is not entitled to judgment as a matter of law.

    **B.**    **Discussion**

Plaintiff's third cause of action arises under the Privacy Protection Act of 1980 ("PPA"), 42 U.S.C. § 2000aa, *et seq.*. Unlike the civil rights violations discussed above, Congress has expressly waived sovereign immunity and provided for a private right of action for violations of the PPA by the United States. 42 U.S.C. § 2000aa-6(a). The PPA provides that government officers investigating criminal activity may not search for or seize "any work product materials possessed by a person *reasonably believed* to have a purpose to disseminate [the work product in a communication] to the public." 42 U.S.C. § 2000aa(a) (emphasis added). The PPA makes an exception, however, where "there is *probable cause* to believe that the person possessing such materials has committed or is committing the criminal offense to which the materials relate . . . ." (emphasis added). The PPA also expressly states that "such a search or seizure may be conducted . . . if the offense involves the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, the sexual exploitation of children, or the sale or purchase of children . . . ."

Defendant characterizes the latter clauses of the PPA as a "suspect exception," which applies to Mr. Madaio. Defendant further argues that, according to the legislative history, the PPA protects "the press and certain other persons not suspected of committing a crime with protections not provided currently by the Fourth Amendment." S. Rep. No. 96-874, at 4 (1980), reprinted in 1980 U.S.C.C.A.N. 3950. Defendant concludes that, because Mr. Madaio eventually pled guilty to child pornography, he was a suspect at the time of the search, and therefore falls

6

outside of the scope of the PPA's protections.

Defendant's analysis, however, is circular and oversimplifies the plain language of the PPA. The statute provides that *probable cause*, not mere suspicion, must exist for the exception to apply. Here, the court does not have the information before it to determine whether probable cause existed at the time the FBI conducted its search and seizure of Mr. Madaio's computer. Plaintiff's complaint states that they did not have a search warrant. Absence of a search warrant, however, does not necessarily imply that the FBI lacked probable cause at the time of the search. If, after additional discovery, the FBI can show that it could have established probable cause at that time, its search and seizure of Mr. Madaio's computers likely would fall within the exception to the PPA.

Although Defendant has produced evidence that Mr. Madaio consented to the search, the PPA is silent as to searches or seizures conducted pursuant to a citizen's consent. Under traditional Fourth Amendment jurisprudence consent is an *exception* to the requirement that searches and seizures be conducted pursuant to a warrant issued upon probable cause. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). A search or seizure conducted pursuant to a citizen's voluntary consent, while constitutionally permissible, may nonetheless lack probable cause. *See id.* at 223-49 ("In situations where the police have some evidence of illicit activity, but lack probable cause to arrest or search, a search authorized by a valid consent may be the only means of obtaining important and reliable evidence."). The court will not read into the plain language of the PPA a provision excepting from its protection consensual searches and seizures in the absence of probable cause.

Defendant also quotes *Guest v. Leis*, 255 F.3d 325, 342 (6th Cir. 2001), which held that "when protected materials are commingled on a criminal suspect's computer with criminal

7

evidence that is unprotected by the act, we will not find any liability under the PPA for seizure of the PPA-protected materials." In *Guest*, however, probable cause was not at issue because the police officers had searched for and seized the material at issue pursuant to a search warrant. Defendant's reliance on *Guest* is thus premature; if the Defendant is able to establish that probable cause existed for the search and seizure of Mr. Madaio's materials, then the reasoning of *Guest* would be applicable.

The court also notes that the existence of a plea agreement, whereby Mr. Madaio stipulated to the fact that the FBI found images of child pornography on the computers it seized[5], does not reflect whether probable cause existed *at the time of the search*. Similarly, Defendant's reliance on *Heck v. Humphrey*, 512 U.S. 477 (1994) is inapplicable. The Court in *Heck* held that, in a damages action under § 1983, a district court must dismiss a case when a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." *Id.* at 487. In this case, were the court to find that Plaintiff could maintain his private cause of action because the FBI did not have probable cause to search for or seize the materials in question, such a finding would not imply the invalidity of his conviction. The search and seizure were constitutionally permissible because they were executed pursuant to Mr. Madaio's consent; again, the statutory language does not provide an exception for consensual searches. *Heck*, therefore, does not foreclose Plaintiff's claims in this case.

For the reasons articulated above, primarily because Defendant has not demonstrated that it had probable cause for the search and seizure of Mr. Madaio's computers, Defendant has not

---

[5] Def.'s Exh. 2, attached to Def.'s Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 23). Mr. Madaio's plea agreement may also be found on the criminal docket sheet of Case No. 05-CR-0561-VEH-PWG. The Eleventh Circuit Court of Appeals recently dismissed Mr. Madaio's appeal, finding that his plea agreement contained a valid waiver of appeal. Appeal No. 06-16241-II.

established that no genuine issues of material fact exist or that it is entitled to judgment as a matter of law.  Defendant's motion for summary judgment and motion to dismiss Count III are hereby DENIED at this time.  Defendant, however, has leave to refile a motion for summary judgment at the close of discovery.

A separate order will be entered contemporaneously with this memorandum opinion.

DATED this 8th day of May, 2007.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE