# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER MADAIO,** ]<br>]<br>**Plaintiff,** ]<br>]<br>v. ]<br>]<br>**FEDERAL BUREAU OF** ]<br>**INVESTIGATION, et. al.,** ]<br>**Defendants.** ]<br>]<br>]<br>] | CV-06-BE-00904-S-KOB |

### **MEMORANDUM OPINION**

Before the court is "Motion to Alter or Amend Judgment" (doc. 74) and the FBI's "Response to the Plaintiff's Motion to Alter or Amend Judgment Filed on April 11, 2008" (doc. 77). For the reasons stated in this Memorandum Opinion, the court will DENY the motion to alter.

The court notes with some consternation that the instant motion is, in effect if not in name, an untimely brief in response to the FBI's Motion for Summary Judgment. According to the court's briefing schedule, this brief was due in September of 2007. Although Plaintiff filed evidentiary materials by that date – and then filed further evidentiary materials *after* that date – he chose *not* to file a brief, as required by Appendix II on the court's website. Appendix II is entitled "Summary Judgment Requirements" and contains "specific, mandatory instructions" regarding briefs in support of and in opposition to motions for summary judgment. Among these requirements are the following:

1

> The parties' submissions in support of and opposition to summary judgment motions *must* consist of (1) a brief containing in separately identified sections, (I) a statement of allegedly undisputed relevant material facts and (ii) a discussion of relevant legal authorities . . . . (emphasis added).
>
> . . .
>
> Each party opposing a summary judgment motion must submit a statement of facts .... The first section must consist of only the non-moving party's disputes, if any, with the moving party's claimed undisputed facts .... *All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.* (emphasis in Appendix II).

Plaintiff ignored these requirements and did not file a brief nor did he file a motion requesting additional time to file one. Without the assistance of an opposing brief, the court nevertheless used its best efforts to ascertain Plaintiff's position. In what might be characterized as an overly-lenient act, the court even deemed Plaintiff's Rule 56(f) motion (doc. 63) to be a three-month-late response to the motion for summary judgment and accepted it. Although that document did cite some legal authorities, it did not conform to Appendix II and did not contain a separate section disputing any of the moving party's claimed undisputed facts. In any event, the court ultimately ruled against Plaintiff and granted the FBI's Motion for Summary Judgment. Only *after* the court issued a ruling did Plaintiff bestir himself and file this motion/brief, asking for a second chance at a favorable ruling.

"[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Reuter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1266 (N.D. Ala. 2006)(citing *United States v. Bailey*, 288 F.Supp.2d 1261, 1267 (M.D. Fla.2003); *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa.1992)). Motions to alter or reconsider a judgment should not be filed as a "knee-jerk reaction to an adverse ruling." *Spellman*

*v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002).  Neither should they be "a platform to relitigate arguments previously considered and rejected."  *Reuter,* 440 F. Supp. 2d at 1266; *see Lazo v. Washington Mutual Bank*, 2001 WL 577029, *1 (9th Cir. 2001). Rather, in the interests of finality and judicial economy, a court should entertain a motion to reconsider in the following limited circumstances: when an intervening change has occurred in controlling law; when new evidence comes to light; or when the ruling represents clear error or causes manifest injustice.  *See Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).  The grant or denial of a motion to reconsider lies in the discretion of the district court.  *See Chapman v. AI Transp.*, 229 F.3d 1012, 1023-24 (11th Cir. 2000).

In the instant case, Plaintiff has not pointed the court to any new evidence or any change in the controlling law since its ruling.  Accordingly, the court must assume that Plaintiff's request for an alteration of its judgment rests upon a claim that its ruling was clearly erroneous or caused manifest injustice.  Although the court has difficulty at times in interpreting Plaintiff's arguments, his motion complains of the following "errors":

### (1) The court erred in relying on the Plaintiff's statements in his guilty plea and in his sentencing hearing testimony in the related criminal case

Plaintiff's arguments on this issue reveal his misunderstanding or mischaracterization of evidentiary rules.  The court finds no error in its ruling that Plaintiff's guilty plea and testimony in the underlying criminal suit regarding what occurred when the special agents were in his home on October 21, 2004 – the day Plaintiff claims his computers were confiscated in violation of the PPA – were relevant and material to the instant case.  Plaintiff's argument that this evidence, if

3

relevant, was overly prejudicial to the jury, does not make sense in a summary judgment context, when the judge is the decision-maker.

Further, the court finds no error in its ruling that Plaintiff cannot create a material issue of fact by providing affidavits that contradict and are inherently inconsistent with his sworn testimony in the related criminal case. *See, e.g., Junkins v. U. S. Indus., Inc.*, 736 F.2d 656, 657-58 (11th Cir. 1984).

### (2) The court erred in relying on Special Agent Campbell's deposition testimony and the FD-302 document, when those two documents are contradictory

Because the court finds no such contradiction, it finds no clear error in relying on those two documents.

### (3) Even if the FBI's search of the computer was consensual, the court erred in not finding that the confiscation of Plaintiff's published book violated the PPA

The court notes that Plaintiff acknowledged in at least one of his affidavits that he *voluntarily* furnished the special agents with a copy of his published book (doc. 39). Given that testimony, the court is perplexed. Is Plaintiff complaining that the agents, who took the book with his consent, failed to return it? Or, is Plaintiff re-writing his affidavit testimony and now claiming that the agents never had his permission to examine the book in the first place? Whichever is the case, the court finds no violation of the PPA, which protects journalists and other publishers from being required to turn over to law enforcement any work product or documentary material possessed for the purpose of disseminating that product/material to the public. *See* 42 U.S.C. § 2000aa. The book in question was an already-published item that one could purchase in a

bookstore or on-line if still in print; it was not "documentary materials" or "work product" as defined by the PPA. *See* 42 U.S.C. § 2000aa-7. Accordingly, the court's granting summary judgment in favor of the FBI on the PPA issue does not represent clear error.

### (4) The court erred in allowing Plaintiff's sister, a non-party, to be present at a status conference

Plaintiff's motion complains about the court's allowing Plaintiff's sister to be present at a status conference. The court finds that no clear error occurred in allowing his sister, who had apparently flown from New York for an update on the case, to observe the status conference. The court did not allow Plaintiff's sister to speak or to participate in the conference in any way other than her presence. Further, no one objected to her presence at the time of the conference, and the court cannot perceive how the Plaintiff was in any way prejudiced by his sister's attendance.

### (5) The court erred in not excusing Plaintiff's belated filings and failures to comply with court Orders because of problems accessing his lawyer

As noted in the court's previous memoranda and Orders, Plaintiff's counsel did not raise the issue of lack of access to counsel in a timely manner nor did he file timely requests for extensions of deadlines based on lack of access. Although Plaintiff's counsel repeatedly raised this excuse *after* deadlines had expired, when the court specifically ordered Plaintiff's counsel to file a motion addressing the issue by a set deadline, he failed to do so. Accordingly, the court finds no clear error in refusing to excuse *some* of Plaintiff's belated filings. To the extent that Plaintiff couches this issue as one involving manifest injustice, the court disagrees for the reasons stated. The court has repeatedly considered late filings and has been more indulgent in this case

than in most other cases, including cases with *pro se* litigants.

Having found that its judgment granting summary judgment does not represent clear error or cause manifest injustice, the court will DENY Plaintiff's motion to alter or amend it.

Dated this 7th day of July, 2008.

                                             _____
                                             KARON OWEN BOWDRE
                                             UNITED STATES DISTRICT JUDGE